**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

GOLDSILVER, LLC,

Interpleader Plaintiff,

v.

AMY JO SANGER and IAIN CLIFFORD a/k/a IAIN CLIFFORD STAMP,

Interpleader Defendants.

Case No.

## COMPLAINT FOR INTERPLEADER

Interpleader Plaintiff GoldSilver, LLC ("GoldSilver" or "Plaintiff"), by and through its undersigned attorneys, brings this Interpleader Complaint against defendants Amy Jo Sanger ("Sanger") and Iain Clifford a/k/a Iain Clifford Stamp ("Clifford" and together with Sanger, "Defendants").

## PRELIMINARY STATEMENT

1. GoldSilver brings this action pursuant to 28 U.S.C. §§ 1335 and 2361 to determine the rightful ownership of property in which GoldSilver itself has no interest.

2. The interpleaded property consists of the rights, if any, to certain precious metal and cash assets consisting of, as of the date of this Complaint, 27 100-once silver bars, 269 ten-ounce silver bars, seven ten-ounce gold bars, 68 one-ounce gold bars, and $5,437.47 in cash (the "Assets") currently held in an account with GoldSilver in the name of MTRXF Ministry Trust (the "Trust") bearing an account number ending in -738 (the "Account").

3. GoldSilver has received competing claims from Defendants as to Sanger's and Clifford's respective roles in the Trust and their respective authorities (or lack thereof) to control the Account and direct the disposition of the Assets.

4. This action will allow GoldSilver to determine how it should proceed given these competing claims.

5. GoldSilver has filed this action so that the Court can determine who can access the Account and the Assets held therein, if any limitations or conditions should be placed with respect to access, and/or if the Assets should be directed to any particular party.

6. This proceeding is necessary to enable GoldSilver, in the event it is directed to provide specific access to or return or provide the Assets to a Defendant, to obtain a discharge that is binding on all interested parties and that thereby eliminates the risk that GoldSilver would be subject to double or multiple liability as a result of inconsistent rulings in different forums.

7. This interpleader action is also necessary to assess the respective claims and determine the appropriate rights of the Defendants to the Assets in question to seek redress from this Court.

**PARTIES**

8. Plaintiff GoldSilver LLC is a limited liability company organized under the laws of New York with its headquarters in New York, New York.

9. Defendant Amy Jo Sanger is an individual who is a citizen of Colorado.

10. Upon information and belief, Defendant Iain Clifford, a/k/a Iain Clifford Stamp, is an individual who is a citizen of the United Kingdom.

**JURISDICTION AND VENUE**

11. This Court has subject matter jurisdiction over the claim asserted herein because this is an interpleader claim brought under 28 U.S.C. § 1335. GoldSilver has in its possession or custody money and/or property of value over $500, consisting of the Assets in the Account. There are two or more adverse claimants of diverse citizenship claiming, or that may claim, entitlement to the Assets that is the subject matter of this action.

12. Defendants have consented to personal jurisdiction in this Court through the GoldSilver Account agreement.

13. Venue is proper under 28 U.S.C. §§ 1391.

## FACTUAL BACKGROUND

### I. The Account and the Assets

14. In April of 2025, MTRXF Ministry Trust opened the Account with GoldSilver. The Account was opened through an online application apparently filled out by Sanger.

15. As part of the Account-opening process, the Trust, through Sanger, agreed to GoldSilver's User Agreement and Terms of Purchase and Sale (the "User Agreement").

16. Paragraph 15 of the User Agreement contains a choice-of-law and choice-of-jurisdiction clause stating that "[a]ny litigation arising out of, under or in connection with this Agreement shall be brought and maintained exclusively in the courts of the State of New York or in the United States District Court for the Southern District" and "[e]ach party hereby expressly, unconditionally and irrevocably submits to the exclusive jurisdiction of such courts."

17. The Account was funded on or about June 25, 2025 through a transfer deposit from another account held at GoldSilver in the name of ICS Remedy Consulting. GoldSilver understands that Sanger controls the ICS Remedy Consulting account.

18. As of the date of this Complaint, the approximate current value of the Assets in the Account is 883,613.38.

### II. Clifford Claims Control Over the Trust and the Account

19. Beginning in or about September 2025, GoldSilver received a series of communications from Sanger and Clifford, each disputing the other's role in, and control of, the Trust and the Account.

20. On September 15, 2025, Clifford emailed GoldSilver claiming that Sanger had engaged in "breaches of trust, misrepresentation, and fraud" with respect to the Trust. In that email, Clifford claimed to be the "Grantor and Responsible Party" of the Trust and that Sanger is "solely" a "Trustee."

21. Clifford further claimed that Sanger was "under significant personal debt and may be experiencing a mental breakdown."

22. Clifford requested that Sanger's authority over the Account be suspended.

23. Clifford included a document dated February 17, 2025 purporting to be the "MTRXF Ministry TR LLC Trust Deed." This document identified Clifford as the "Settlor" and sole beneficiary of the Trust. Sanger is identified as a "Trustee" and a person "excluded from benefit under the trust." This document is purportedly electronically signed by Clifford, Sanger, and Kieron Deether as "Witness."

24. In the weeks following his initial email to GoldSilver, Clifford sent a series of further emails to GoldSilver containing various demands relating to the Account and threatening litigation against GoldSilver if it did not comply.

25. On September 30, 2025, Clifford provided GoldSilver with a document stating that Sanger agreed to resign from the Trust during an internal Trust meeting on September 9, 2025.

26. Clifford further claimed that on September 11, 2025, two days after her purported resignation, Sanger improperly locked out Clifford and others from all of the Trust's bank accounts.

## III. Sanger Disputes Clifford's Claims

27. On September 12, 2025, Sanger called GoldSilver and claimed that someone had obtained her account information for the Account and access to her email account. Sanger asked GoldSilver to change the email address on file with GoldSilver for the Account.

28. Sanger then sent a series of emails to GoldSilver in September and October 2025 in which she claimed that Clifford and other individuals associated with him had stolen her identity and provided GoldSilver with forged documents relating to the Trust.

29. Sanger noted that Clifford has a "warrant for his arrest in the UK" and Mr. Deether "has also been reported to the FCA (UK government)."

30. Sanger requested that "Mr. iain clifford or iain clifford stamp is no longer entertained with any more forged documents that he or [Mr. Deether] have sent to you."

31. When she opened the Account, Sanger provided GoldSilver with a document titled "Contract and Declaration of Private Trust" for the MTRXF Ministry Trust. This document is dated January 21, 2025 and identifies Sanger as the "Grantor/Creator" and "Trustee" and James Ledford as the "Successor Trustee." This document does not identify Clifford as having any role in the Trust.

32. Sanger has sent several emails to GoldSilver claiming various violations of law relating to GoldSilver's correspondence with Clifford.

**COUNT I**
(Interpleader Pursuant to 28 U.S.C. § 1335)

33. Plaintiff repeats and realleges the allegations set forth in each and every paragraph above as if set forth fully herein.

34. Plaintiff claims no interest in the Assets in the Account.

35. Plaintiff is subject to competing demands as to the proper ownership of, or rights to, access or use the Account.

36. Plaintiff is unable to determine the appropriate access requirements and/or proper payee of the Assets in the Account. Nor is Plaintiff able to determine whether any additional signatory requirements or other use or access conditions should be placed on the Account.

37. Plaintiff is unable to determine which of Defendants' actual and/or potential claims is valid or to whom access to the Account should rightfully be delivered without exposing itself to double or multiple liability.

38. Plaintiff itself is a neutral stakeholder and takes no position on which, if either, of the Defendants has the superior claim to control the Trust and the Account at issue. But because Plaintiff is subject to conflicting claims, it is exposed to the risk of multiple and inconsistent liability and accordingly is entitled to interpleader relief bringing the Defendants before the Court and requiring them to litigate their respective claims to the Assets in the Account.

39. As a result of the foregoing, Plaintiff is or may be subject to multiple liability due to competing claims from the Defendants.

40. Under the circumstances, this interpleader proceeding is the most efficient and cost effective means by which a single determination can be made as to who, if anyone, is entitled to access or use the Assets in the Account, and Plaintiff, to the extent it is directed to turn over any such funds, can receive a discharge from further liability as to the Account that is binding on all interested parties and not subject to future attack.

41. Because of Defendants' existing and/or potential claims to the Assets in the Account, Plaintiff is being exposed, or may in the future be exposed, to conflicting claims, to vexatious and burdensome litigation in different courts and different proceedings, to the attendant risk of inconsistent rulings, and ultimately to the prospect of double or multiple liability.

42. Plaintiff is also entitled, as a neutral stakeholder, to its attorneys' fees and costs incurred in connection with this proceeding. Any such attorneys' fees and costs are to be awarded out of the Assets in the Account that may be turned over to Defendant(s) under any judgment entered in this action.

43. Plaintiff conditionally tenders to the Court the Assets, subject to any applicable defenses and offsets.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment:

(a) Dismissing Plaintiff from this proceeding;

(b) Requiring the Defendants to interplead each other concerning their competing claims to control the Account and the Assets held therein;

(c) Restraining and enjoining the interpleader Defendants from commencing any legal actions against Plaintiff relating to the Assets or the Account pending the entry of a final, non-appealable judgment in this matter;

(d) Adjudging the rights of each Defendant as to the Assets and the Account;

(e) Discharging Plaintiff from any and all liability to the Defendants relating to the Assets or the Account;

(f) Directing Plaintiff to deposit the funds with the clerk of the Court less the appropriate amount of Plaintiff's costs, fees and expenses;

(g) Awarding Plaintiff's costs, expenses, and reasonable attorneys' fees in this action; and

(h) Awarding Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
October 21, 2025

By: *\/s/ Joseph A. Matteo*
Joseph A. Matteo
William H. LaGrange

BARNES & THORNBURG LLP
390 Madison Avenue, 12th Floor
New York, New York 10017
Telephone: (646) 746-2000
Facsimile: (646) 746-2001
Joseph.Matteo@btlaw.com
wlagrange@btlaw.com

*Counsel for Interpleader Plaintiff*