**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK**

**GOLDSILVER, LLC,** Interpleader Plaintiff, **v.**

**AMY JO SANGER and IAIN CLIFFORD a/k/a IAIN CLIFFORD STAMP,**

Interpleader Defendants.

**Case No. 1:25-cv-08704-NRB**

**DEFENDANT IAIN CLIFFORD'S STATEMENT OF FACTS CONCERNING BACKGROUND
FACTUAL RECORD AND REQUEST FOR INTERIM RELIEF**

**Introduction and Summary of Argument** I, Iain Clifford, appearing *pro se*, respectfully submit this Memorandum of Law to provide the Court with a comprehensive factual background regarding the competing claims in this action. While I acknowledge that the funds held by the stakeholder, GoldSilver, LLC (GoldSilver), are currently secured and frozen by this interpleader proceeding, I am submitting this statement to assist the Court by exposing the broader context of this matter—specifically focusing on Defendant Amy Jo Sanger's documented character, her severe financial insolvency, and her undeniable motive to steal my funds.

Consequently, I seek urgent interim relief to freeze all *other* associated external trust and corporate bank accounts under the name of OSN LLC and MTRXF Ministry Trust, and to officially remove her apparent authority.

This interpleader action is the direct result of a coordinated scheme of trust fraud, wire fraud, and identity theft executed by Ms. Sanger. The record before this Court demonstrates that Ms. Sanger, while serving in a non-discretionary fiduciary capacity as my bookkeeper and administrator, systematically betrayed her mandates.

The evidence confirms that Ms. Sanger unilaterally executed "secret" trust indentures in January and May 2025, naming herself as Grantor to manufacture "apparent authority" with financial institutions. Under this fraudulent cover, she facilitated the unauthorized wire movement of approximately $900,000 from my Indonesian entity, PT ICS Remedy Consulting, into U.S. accounts she controlled.

Furthermore, despite expressly agreeing to resign from all fiduciary roles during a recorded meeting on September 9, 2025, she launched a campaign of asset dissipation, freezing operational accounts on September 12, 2025, and attempting to dissolve OSN LLC via LegalZoom in January 2026 while this litigation was active. Her motive for this breach is established by forensic accounting of her personal financial status, which reveals liabilities totaling $468,867.42. Her attempt to justify her seizure of assets by citing a contested United Kingdom restraint order (Order 34/2023) is legally defective, as I maintain that order is a jurisdictional nullity. While the GoldSilver *res* is currently frozen, interim relief is necessary to prevent the permanent loss of associated trust property and to ensure the *res* is maintained securely in the Court's registry pending a final determination.

**The Fiduciary Landscape: Contractual Basis of Sanger's Appointments** To understand the magnitude of the fraud and Ms. Sanger's character, I respectfully direct the Court to the contractual foundations that

governed her roles. At no point did I grant her discretionary authority over trust funds; her powers were strictly limited to ministerial and administrative tasks executed under my direct instruction as the lawful Grantor.

*The June 2024 Trustee Services Agreement* On June 12, 2024, Ms. Sanger signed a Trustee Contract and Services Agreement with Private Admin Solutions (PAS), establishing the parameters of her employment. This agreement contains "Conditions Absolute" that explicitly limit her autonomy. The agreement states: "The Trustee acknowledges that unless the Obligees instructions are unlawful the Trustee does not have discretion on how services are delivered. The discretion lies solely with the Obligee".

| Mandatory Fiduciary Constraints | Statutory / Contractual Source | Legal Implication |
| --- | --- | --- |
| **No Discretionary Power** | PAS Agreement, § Delivery of Services | Sanger acted as a mere agent; ownership remained with the Grantor. |
| **Duty of Loyalty** | International Common Law | Sanger was prohibited from using trust assets for personal debt relief. |
| **Resignation Notice** | PAS Agreement, § Resignation | 90-day notice required for new beneficiaries, but immediate obligation to perform in progress. |
| **Non-Compete / Secrecy** | PAS Agreement, § NDA | Sanger is prohibited from disclosing proprietary trust structures to third parties. |

*The OSN LLC Private Trust and PAS LLC Deeds* My authority is further codified in the OSN LLC Private Trust Deed, constituted on August 30, 2023, and executed on December 31, 2024, where I am the named Settlor and Ms. Sanger is the Trustee. Clause 5 of this deed mandates that the Trustees "shall pay or contribute... all income and capital... in accordance with instructions from the Settlor". Clause 10 provides me the power to "transfer the Trust property to any entity at any time or collapse the Trust without the consent of the Trustee". Similarly, the PAS LLC Trust Deed of January 3, 2025, establishes the same non-discretionary framework.

**The Architecture of Deception: The Secret Indentures** While ostensibly acting under the authorized deeds, Ms. Sanger was simultaneously constructing a fraudulent documentary record to bypass my control by creating "secret" indentures that swapped our roles, highlighting a severe lack of ethical character.

*The January 21, 2025 MTRXF Ministry Trust Instrument* On January 21, 2025, without informing me or my senior management team, she created an indenture for the "MTRXF Ministry Trust," naming herself as the "Grantor/Creator" and "Trustee," with James Ledford as Successor Trustee. This secret document was used to secure an EIN (33-6690693) from the IRS. By claiming grantor status, it is my legal position that she engaged in constructive trust fraud, falsely representing herself to the federal government and to GoldSilver as the ultimate source of authority.

| Feature | Authorized Feb 17 Deed | Secret Jan 21 Instrument | Legal Status |
|---|---|---|---|
| **Settlor / Grantor** | Iain Clifford | Amy Jo Sanger | January version is a nullity due to lack of funding from Sanger. |
| **Trustee** | Amy Jo Sanger | Amy Jo Sanger | Both name Sanger, but Jan 21 version grants her unearned discretion. |
| **Successor Trustee** | Kieron Deether | James Ledford | Discrepancy proves Jan 21 version was a concealment. |
| **Witness** | Kieron Deether | (None shown/Disputed) | Feb 17 version is the only one verified by the organization. |

*The PT ICS Remedy Consulting (U.S.) Mirror Entity* On May 12, 2025, Ms. Sanger extended this pattern by creating a trust for "ICS REMEDY CONSULTING," a deliberate "mirror" of my Indonesian company, PT ICS Remedy Consulting. She again named herself as Grantor and Trustee. The creation of this U.S. EIN using the name of an existing international firm was a strategic move to facilitate the movement of capital.

**Unauthorized Wire Movement as Wire Fraud and Conversion** The funds at issue, approximately $900,000, were sourced from my Indonesian entity, PT ICS Remedy Consulting. As the sole controller of the Indonesian firm, I never authorized the transfer of these funds to a U.S. trust where Ms. Sanger held beneficial or grantor rights. She utilized her mirror U.S. trust to receive the wire and then internally transferred the funds to "MTRXF" under her secret January indenture.

It is my position that this conduct satisfies the legal elements of federal wire fraud (18 U.S.C. § 1343): (1) a scheme to defraud the Grantor of his interest in approximately $900,000; (2) the use of interstate and international wire communications based on the false pretense of her grantor status; and (3) specific intent to permanently deprive my organization of its liquidity. Furthermore, her subsequent freeze of the accounts on September 12, 2025, constitutes civil conversion.

**The September 2025 Crisis: Resignation and Hostile Freeze** On September 9, 2025, during a video conference with Shaun Bennie, Angela Clarkson, and myself, Ms. Sanger expressly agreed to step down as the fiduciary for all entities, recognizing she was "incapable of doing this" due to severe mental stress. However, on September 12, 2025—the same day she issued a formal resignation letter recommending Kieron Deether as her replacement—she acted in bad faith and blocked all authorized administrative access to the bank accounts for OSN LLC and the MTRXF Ministry Trust. This freeze immobilized the organization, preventing the payment of over 40 contractors and disrupting services to hundreds of customers.

**Financial Motive: Forensic Analysis of Sanger's $468k Debt** A primary driver for this fraud, and the clearest indicator of her motive, was Ms. Sanger's severe personal financial insolvency. Analysis of debt settlement spreadsheets reveals she was under extreme pressure from creditors at the time she created the secret mirror trusts, with liabilities totalling $468,867.42.

| Category of Debt | Lender / Description | Amount ($) |
|---|---|---|
| **Secured - Vehicles** | Alpine Bank (GMC/Dodge Ram) | 23,631.37 |
| **Secured - RV** | Bank of America (2020 DRV Mobile Suite) | 136,837.00 |
| **Secured - SBA** | Small Business Administration (UCC Filed) | 83,000.00 |
| **Unsecured - Personal** | Upstart, SoFi, First Data | 46,894.00 |
| **Private Loans** | Joyce Nelson (Aunt), David Berry | 90,000.00 |
| **Other** | Medical debt, credit cards, appraisal loans | 88,505.05 |
| **Total Personal Debt** | | **$468,867.42** |

The data confirms she was facing active repossession attempts, and her comments in the spreadsheets indicate a plan to "use your Recoupment to settle" her credit card debts.

**The Misuse of UK Order 34/2023** Ms. Sanger has attempted to justify her retention of funds by citing UK Order 34/2023, a domestic restraint order issued against the corporate persona "IAIN CLIFFORD STAMP". I assert this is a jurisdictional nullity. The FCA order has absolutely no jurisdiction in the United States. Under New York law, foreign penal and contempt orders are not self-executing and do not grant a U.S. trustee the right to seize U.S.-situs assets or assets from an Indonesian company without an independent determination of title by a New York forum.

Furthermore, I am challenging this order in the UK based on "Three Pillars" of defence:

- **Pillar 1 (Standing):** Under FSMA s.401, the prosecutor lacked standing. If the prosecutor lacked standing, the court's jurisdiction was never triggered, and the resulting order is *void ab initio* under the *Anisminic* principle.

- **Pillar 2 (Service):** The UK court relied on service to an unowned email address without producing RFC-822 headers as proof of delivery.

- **Pillar 3 (Misattribution):** The FCA co-mingled my personal records with "43,000 transactions" belonging to authorized third-party firms. By failing to provide a Property Attribution Schedule, the FCA allows an adverse inference under *Wisniewski v. Central Manchester Health Authority*, confirming the evidence is misattributed.

**January 2026: Unauthorized Dissolution, Credential Misuse, and Mass Identity Theft** On January 3, 2026, while a named defendant in this action, Ms. Sanger filed for the dissolution of OSN LLC via LegalZoom (Order #88907472), misrepresenting her authority to wind up the company.

Simultaneously, she is now a party to an active federal investigation for misusing the professional credentials of William R. Kimball, an authorized Electronic Return Originator (ERO 844650). Mr. Kimball has declared under penalty of perjury in his witness statement that she used his identity without authorization to submit fraudulent 1099-OID filings.

Furthermore, Ms. Sanger maliciously filed fabricated identity theft reports to the IRS. These false reports directly undermined 3,000 legitimate grantor trusts that William Kimball had lawfully filed tax returns on. These 3,000 trusts belong to the customers of PT ICS Remedy Consulting (Indonesia), which serves as my administrative and tax filing firm. As of February 3, 2026, the IRS Criminal Investigation Division formally accepted Kimball's repudiation of these filings, making her the subject of an active federal criminal investigation for aggravated identity theft (18 U.S.C. § 1028A) and wire fraud (18 U.S.C. § 1343).

**Legal Standards in Support of Interim Relief** To obtain interim relief, the movant must demonstrate: (1) a likelihood of success on the merits; (2) a threat of irreparable harm; (3) a balance of hardships in their favour; and (4) that the public interest is served.

I submit that the evidentiary record establishes a high likelihood of success on the merits through the August 2023 and February 2025 deeds, which clearly expose Ms. Sanger's manufactured claims. While the GoldSilver funds are protected by this interpleader, irreparable harm remains imminent given her recent attempt to dissolve OSN LLC; without a freeze on her *other* associated accounts, peripheral trust assets may be liquidated to satisfy her $468k debt burden. The balance of hardships tips decidedly in my favor, and the public interest is served by penalizing trust fraud and protecting the integrity of federal tax reporting systems.

**Conclusion and Prayer for Relief** The evidence demonstrates that Amy Sanger is a former non-discretionary fiduciary driven by severe personal debt and poor character to hijack my international assets.

**WHEREFORE**, I respectfully request that this Court:

1. **Registry Deposit:** Enter an order directing the stakeholder, GoldSilver, LLC, to deposit the currently frozen funds into the Court Registry (CRIS) to ensure their absolute protection during this litigation;

2. **External Account Freeze:** Order all *other* financial institutions holding outside accounts for OSN LLC or MTRXF Ministry Trust to maintain a total freeze to prevent Sanger from dissipating peripheral funds;

3. **Disclosure:** Direct GoldSilver, LLC to produce its complete KYC/AML and onboarding files;

4. **Recognition of Trustee:** Issue an order officially recognizing the removal of Sanger as Trustee and the appointment of Kieron Deether as Successor Trustee;

5. **Preservation:** Place a litigation hold on all records related to Sanger's LegalZoom dissolution of OSN LLC.

Dated: February 11, 2026

Respectfully submitted, *Iain Clifford*

*/s/ Iain Clifford* Iain Clifford, Defendant *pro se*